

|  | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JOHN H. GRAZIADEI**<br>*Senior Counsel*<br>Telephone: (212) 442-3551<br>Facsimile: (212) 788-9776 |

August 27, 2007

**VIA ECF**
Honorable Gerard E. Lynch
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *Poventud v. City of New York, et al.*, 07 CV 3998 (GEL)

Your Honor:

    I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants City of New York and District Attorney Robert T. Johnson.[1] I write to respectfully request an enlargement of time from August 27, 2007 until August 31, 2007 to answer or otherwise respond to plaintiff's complaint. Plaintiff's counsel has consented to this request.

    This application is necessary because this office has not yet received the District Attorney's office's litigation files, the criminal court files, or the Police Department's investigative files. Defendants promptly submitted requests for these sealed records on July 18, 2007 pursuant to the § 160.50 unsealing release requested from plaintiff on June 27, 2007 and July 17, 2007, and received on July 17, 2007. These sealed records are essential for this office to respond to the complaint in accordance with Rule 11 of the Federal Rules of Civil Procedure and this office has been working diligently to obtain them as expeditiously as possible.

    Moreover, upon information and belief, plaintiff has not yet served the individually-named defendants and an enlargement of time will provide plaintiff with additional time to do so. Once these defendants are served, pursuant to Section 50-k of the New York General Municipal

---

[1] Upon information and belief, the individually-named police officer defendants have not been served with process in this case. Without appearing or making any representations on their behalf, it is respectfully requested that, when and if they are served, the same extension be granted to them in order to ensure that their defenses are not jeopardized while representation decisions are being made.

- 2 -

Law, the Corporation Counsel's office must determine, based upon a review of the facts of the case, whether it may represent them.  The defendants must then decide whether they wish to be represented by the Corporation Counsel.  *See Dunton v. County of Suffolk*, 729 F.2d 903 (2d Cir. 1984).  If so, this office must obtain their written authorization.  Only then may the defendants be interviewed in order to make decisions as to how to proceed in this case.

      Accordingly, defendant respectfully requests that this Court grant defendant's application for an order enlarging defendant's time to respond to the complaint from August 27, 2007 until August 31, 2007.  Thank you for your consideration of this request.

                                  Respectfully submitted,

                                  /s/
                                  John H. Graziadei (JG 1333)
                                  Assistant Corporation Counsel

cc: Julia P. Kuan, Esq. (via ECF)