UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MARCOS POVENTUD,

                                Plaintiff,

-against-

CITY OF NEW YORK; ROBERT T. JOHNSON, as
District Attorney, Bronx County; DANIEL
TOOHEY, "FRANKIE" ROSADO, CHRISTOPHER
DOLAN, KENNETH UMLAUFT, Individually and
as Members of the New York City Police
Department,

                                Defendants.
------------------------------------------------------------X

**AMENDED ANSWER OF DEFENDANTS CITY OF NEW YORK, ROBERT T. JOHNSON, FRANKIE ROSADO AND KENNETH UMLAUFT AND ANSWER OF DEFENDANTS DANIEL TOOHEY AND CHRISTOPHER DOLAN**

07 CV 3998 (GEL)

**JURY TRIAL DEMANDED**

       Defendants City of New York, Robert T. Johnson, Frankie Rosado and Kenneth Umlauft for their amended answer to the complaint, and defendants Daniel Toohey and Christopher Dolan for their answer, respectfully allege, upon information and belief, as follows:

       1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

       2. Deny the allegations set forth in paragraph "2" of the complaint.

       3. Deny the allegations set forth in paragraph "3" of the complaint.

       4. Deny the allegations set forth in paragraph "4" of the complaint.

       5. Deny the allegations set forth in paragraph "5" of the complaint.

       6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that Robert T. Johnson is the Bronx County District Attorney and that plaintiff purports to bring this action as stated therein.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Daniel Toohey has retired from the New York City Police Department and that plaintiff purports to bring this action as stated therein.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Frankie Rosado is currently employed by the New York City Police Department and that plaintiff purports to bring this action as stated therein.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that Christopher Dolan has retired from the New York City Police Department and that plaintiff purports to bring this action as stated therein.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that Kenneth Umlauft is currently employed by the New York City Police Department and that plaintiff purports to bring this action as stated therein.

13. The allegations set forth in paragraph "13" of the complaint contain legal conclusions to which no response is required. To the extent a response is required, defendants Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that the District Attorney's Office of Bronx County is an agency organized and existing under and by virtue of the New York County Law.

15. Paragraph "15" of the complaint contains no averments of fact and, accordingly, no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that the underlying criminal case involved a shooting and a robbery.

17. Deny the allegations set forth in paragraph "17" of the complaint, and respectfully refer the Court to the relevant state court judgment

18. Deny the allegations set forth in paragraph "18" of the complaint, and respectfully refer the Court to the state court proceedings.

19. Deny the allegations set forth in paragraph "19" of the complaint, and respectfully refer the Court to the relevant state court order.

20. Deny the allegations set forth in paragraph "20" of the complaint, and respectfully refer the Court to the relevant state court decision.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint, and respectfully refer the Court to the relevant state court motions.

23. Deny the allegations set forth in paragraph "23" of the complaint, and respectfully refer the Court to the relevant state court proceedings.

24. Deny the allegations set forth in paragraph "24" of the complaint, and respectfully refer the Court to the relevant state court proceedings.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25."

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint, except admit that the NYPD Crime Scene Unit responded to the scene.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint, except admit that a photo array, including a photo of plaintiff, was brought to the hospital.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint, except admit that a photo array was brought to the hospital.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint, and respectfully refer the Court to the DD5.

47. Deny the allegations set forth in paragraph "47" of the complaint. except admit that a photo array, including the plaintiff's photo was brought to the hospital.

48. Deny the allegations set forth in paragraph "48" of the complaint, except admit that Duopo identified plaintiff as the gunman.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint, except admit that records reflect that plaintiff was indicted.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint, and respectfully refer the Court to the ballistics tests.

56. Deny the allegations set forth in paragraph "56" of the complaint, except admit that photographs of Flores and Pagan were shown to Mr. Duopo and he did not identify them.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint, except admit that a sketch was made.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint, except admit that police transported Mr. Maldonado to the precinct, took a photo of him and included the photo in a photo array.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint, except admit that Mr. Duopo selected Mr. Maldonado's photo from the photo array.

65. Deny the allegations set forth in paragraph "65" of the complaint, except admit that Mr. Maldonado was placed in a line-up.

66. Deny the allegations set forth in paragraph "66" of the complaint, except admit that Mr. Duopo selected Mr. Maldonado from the line-up.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the complaint.

68. Paragraph "68" of the complaint contains no averments of fact and, accordingly, no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the complaint.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the complaint.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the complaint.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the complaint.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the complaint.

75. Deny the allegations set forth in paragraph "75" of the complaint, and respectfully refers the Court to the Appellate Division's decision for a true and accurate statement of its contents.

76. Deny the allegations set forth in paragraph "76" of the complaint, and respectfully refers the Court to the Appellate Division's decision for a true and accurate statement of its contents.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the complaint.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint, except admit there was an acquittal.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the complaint.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the complaint.

82. Deny the allegations set forth in paragraph "82" of the complaint, and respectfully refers the Court to the Supreme Court's decision for a true and accurate statement of its contents.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the complaint.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the complaint.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the complaint.

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the complaint.

87. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the complaint.

88. Deny the allegations set forth in paragraph "88" of the complaint and all of its subparts.

89. In response to the allegations set forth in paragraph "89" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "89" of this answer as if fully set forth herein.

90. Deny the allegations set forth in paragraph "90" of the complaint and all of its subparts.

91. Deny the allegations set forth in paragraph "91" of the complaint.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. Deny the allegations set forth in paragraph "93" of the complaint.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. Deny the allegations set forth in paragraph "95" of the complaint.

96. Deny the allegations set forth in paragraph "96" of the complaint.

97. Deny the allegations set forth in paragraph "97" of the complaint.

98. Deny the allegations set forth in paragraph "98" of the complaint.

99. Deny the allegations set forth in paragraph "99" of the complaint.

100. Deny the allegations set forth in paragraph "100" of the complaint.

101. Deny the allegations set forth in paragraph "101" of the complaint.

102. Deny the allegations set forth in paragraph "102" of the complaint and all of its subparts.

103. Deny the allegations set forth in paragraph "103" of the complaint.

104. Deny the allegations set forth in paragraph "104" of the complaint.

105. Deny the allegations set forth in paragraph "105" of the complaint.

106. Deny the allegations set forth in paragraph "106" of the complaint.

107. In response to the allegations set forth in paragraph "107" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "107" of this answer as if fully set forth herein.

108. Deny the allegations set forth in paragraph "108" of the complaint and all of its subparts.

109. Deny the allegations set forth in paragraph "109" of the complaint and all of its subparts.

110. Deny the allegations set forth in paragraph "110" of the complaint.

111. Deny the allegations set forth in paragraph "111" of the complaint.

112.   Deny the allegations set forth in paragraph "112" of the complaint.

113.   Deny the allegations set forth in paragraph "113" of the complaint.

114.   Deny the allegations set forth in paragraph "114" of the complaint.

115.   Deny the allegations set forth in paragraph "115" of the complaint.

116.   Deny the allegations set forth in paragraph "116" of the complaint.

117.   Deny the allegations set forth in paragraph "117" of the complaint, except admit that the District Attorney maintains an office in Bronx County.

118.   Paragraph "118" of the complaint contains no averments of fact and, accordingly, no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "118" of the complaint.

119.   Paragraph "119" of the complaint contains no averments of fact and, accordingly, no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "118" of the complaint.

120.   Deny the allegations set forth in paragraph "120" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

121.   The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

122.   There was probable cause for plaintiff's arrest, detention, and prosecution.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

123.   Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any

political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

124. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties and was not the proximate result of any act of defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

125. Defendant has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and is therefore protected by qualified immunity from liability.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

126. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

127. Plaintiff's claims are barred by the doctrines of collateral estoppel and/or res judicata.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

128. Plaintiff's claims against defendant Johnson are barred under the doctrine of absolute immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

129. Plaintiff's claims are barred under the Eleventh Amendment of the United States Constitution.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

130. At all times relevant to the acts alleged in the complaint defendant City of New York, its agents and servants, acted reasonably in the proper and lawful exercise of its discretion. Therefore, it is entitled to governmental immunity from liability.

Dated:     New York, New York
           February 8, 2008

                                          MICHAEL A. CARDOZO
                                          Corporation Counsel of the
                                           City of New York
                                          Attorney for Defendants
                                          100 Church Street, Room 3-152
                                          New York, New York  10007
                                          (212) 442-3551

By: _____
        JOHN H. GRAZIADEI (JG 1333)
        Assistant Corporation Counsel

Index No. 07 CV 3998 (GEL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCOS POVENTUD,

Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

**AMENDED ANSWER OF CITY OF NEW YORK, ROBERT T. JOHNSON, AND FRANKIE ROSADO AND KENNETH UMLAUFT AND ANSWER ON BEHALF OF DANIEL TOOHEY**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for City Defendants*
*100 Church Street*
*New York, N.Y. 10007*
*Of Counsel: John Graziadei*

Tel: (212) 442-3551
NYCLIS No.

*Due and timely service is hereby admitted.*

*New York, N.Y. .........................................,2008*

*............................................................Esq.*

*Attorney for City of New York*