UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MARCOS POVENTUD,

                              Plaintiff,

            -against-

CITY OF NEW YORK; ROBERT T. JOHNSON, as
District Attorney, Bronx County; DANIEL
TOOHEY, "FRANKIE" ROSADO, CHRISTOPHER
DOLAN, KENNETH UMLAUFT, Individually and
as Members of the New York City Police
Department,

                              Defendants.
------------------------------------------------------------X

**PROTECTIVE ORDER**

**07 CV 3998 (GEL)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/14/08

       **WHEREAS**, preparation for trial and trial of the above-captioned action may require the discovery, production and use of documents that contain information deemed confidential or otherwise deemed inappropriate for public disclosure; and

       **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

       **NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

       1.    As used herein, the "Action" shall mean the lawsuit captioned <u>Marcos Poventud v. City of New York, et al.</u>, 07 CV 3998 (GEL).

       2.    "Confidential Materials" shall mean (a) New York City Police Department ("NYPD") personnel and disciplinary-related records, (b) records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agency, (c) personnel and/or any disciplinary records for any Assistant District Attorney ("ADA") in Bronx County, (d) documents that identify the "victim of any sex offense," as that term is defined in Section 50-b(1) of the New York State Civil Rights

Law, (e) documents that the parties agree are subject to this order, and (f) any documents that the Court directs to be produced subject to this order.

3.  Plaintiff's attorneys shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in the Action and/or in the pending action in New York Supreme Court, Bronx County, encaptioned, <u>Robert Maldonado v. City of New York, et al.</u>, Index No. 17568/04.

4.  In order to designate documents or other material as "Confidential" within the meaning of this Protective order, defendant may affix the legend "Confidential" to the documents or material in a manner so as not to interfere with the legibility thereof, and/or may designate such documents by title, Bates number or other method reasonably calculated to give plaintiff notice of the confidentiality designation, in a writing directed to plaintiff's attorneys. Defendant may designate as "Confidential" any documents or material pursuant to this Order within a reasonable time after production of such documents or material.

5.  Confidential Materials shall not be disclosed to any person other than an attorney of record for plaintiff or any member of the staff of plaintiff's attorney's office, except under the following conditions:

   a.  Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in the Action.

   b.  Disclosure before trial may be made only to a plaintiff, to an expert who has been retained or specially employed by plaintiff's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition, or to the Court.

    c.    Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or defense of the Action and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff's attorneys and copies provided to counsel for defendants upon execution. Consents signed by consulting experts (experts who are consulted by who will not be called as witnesses at trial) shall be furnished upon execution to defendants' attorney with the name of the experts redacted. The party for whom a consulting expert has reviewed Confidential Materials shall hold in escrow original consents signed by such expert.

6.    Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be either redacted or separately bound, with a cover page or redaction prominently marked "**CONFIDENTIAL**." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

7. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

<u>CONFIDENTIAL</u>

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

8. Nothing in this Protective Order shall preclude defendant from using for any purpose documents it has produced, or deposition testimony it has designated, as "Confidential Materials."

9. If plaintiff intends to use Confidential Materials at trial or any hearing, he shall give prior notice to defendants. Upon a showing that Confidential Materials may be disclosed at a hearing or at trial, the Court shall impose appropriate safeguards for the presentation of such Confidential Materials.

10. The provisions of this Protective Order shall not apply to documents or other material designated as "Confidential Materials" to the extent that such documents or materials (a) are lawfully obtained from sources other than defendant, or (b) are otherwise publicly available.

11. Within thirty (30) days after the termination of this case, including any appeals, the Confidential Materials produced by defendant, including all copies, all nonconforming copies, notes and other materials containing or referring to information derived

4

therefrom, shall be returned to the producing party's attorneys, or upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to the producing party's attorneys.

12. Plaintiff's counsel shall keep confidential for "attorney's-eyes-only" the address, telephone number, social security number, date of birth, and other personal information regarding witnesses identified by the production of documents or otherwise identified in the course of this litigation. Such information shall be used only by the attorney or his law firm or agents for the purpose of communication with witnesses or the service of subpoenas, and shall not be disclosed to plaintiffs, their family members, or other persons, and such information shall not be included in documents publicly filed with the Court.

Dated: New York, New York
March 6, 2008

| | |
|---|---|
| Julia P. Kuan, Esq.<br>ROMANO & KUAN, PLLC<br>Attorneys for Plaintiff<br>100 Lafayette Street, Ste. 401<br>New York, New York 10013<br>(212) 274-0777<br><br>By: _____<br>Julia P. Kuan (JK3822) | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>City of New York<br>Attorney for Defendant City of New York<br>100 Church Street<br>New York, New York 10007<br>(212) 788-0784<br><br>By: _____<br>Rachel Seligman Weiss (RS 6674)<br>Assistant Corporation Counsel |

SO ORDERED:

_____
Hon. Gerard E. Lynch, U.S.M.J.

3/14/08