UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
MARCOS POVENTUD,                                             :
                                                             :
                            Plaintiff,                       :         07 Civ. 3998 (GEL)
        -v-                                                  :
                                                             :         **ORDER**
CITY OF NEW YORK, et al.,                                    :
                                                             :
                            Defendant.                       :
                                                             :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

       The parties in this civil rights action have submitted a number of discovery disputes to the Court. Having carefully reviewed the parties' submissions, the Court disposes of the issues as follows:

       1. Plaintiff complains that the City has failed to produce certain documents demanded by the plaintiff as long ago as October 2007. While the City's sluggishness in responding to such demands is not to be condoned, it is unfortunately a familiar story in this Court. As often occurs, the City has, belatedly, responded in a way that moots most of plaintiff's demands, producing documents and/or privilege logs in response to nearly all of the categories of requested documents. The one category of documents that remains in dispute is plaintiff's request for arrest records for three individuals plaintiff contends should have been investigated for the murder with which he was charged. While arrest records that did not result in conviction are sealed as a matter of New York law, see N.Y. Crim. Proc. Law § 160.50, and federal courts should generally respect such provisions in a spirit of comity, ultimately "New York State law does not govern discoverability and confidentiality in federal civil rights actions." Cruz v. Kennedy, No. 97 Civ. 4001 (KMW), 1997 WL 839483, at *1 (S.D.N.Y. Dec. 19, 1997) (citation omitted). In any event, nothing in New York law prohibits the disclosure of any records of convictions of the three individuals. Moreover, the privacy interests of the individuals in question can be protected by discovery subject to an appropriate confidentiality order. Accordingly, the City is directed to produce the records, subject to such an order.

       2. Plaintiff complains that the City has delayed in agreeing to deposition dates. Once again, in response to plaintiff's complaint, defendant has agreed to make the police officer defendants available for depositions on specified dates in July. On the assumption that the City will stand by its representations to this Court, there is no need to order the depositions to take place on specific dates. Similarly, there is no need for court intervention with respect to plaintiff's request that the Court set specific dates for the depositions of the Bronx County District Attorney and senior members of his staff. Plaintiff only recently noticed these depositions, and there is no reason to assume that the City will neither agree to dates between

now and the scheduled close of discovery at the end of August, nor seek an appropriate protective order. It is not clear to the Court, on the present record, that there is any reason to assume that these senior officials had any knowledge or personal involvement with respect to the matters in question. If, however, as plaintiff represents, the depositions of these individuals are to proceed in any case in connection with the companion state litigation brought by plaintiff's former co-defendant, it would make no sense for the City to contest the appropriateness of depositions in this case. If depositions go forward in the state matter, the officials will be questioned about precisely the same matters at issue in this case. In that event, it would be absurd to hold that plaintiff's counsel, who represent the plaintiff in the state case as well, cannot ask whatever few questions might be added in connection with this matter, or that the state depositions may not be used in connection with this case. It would similarly be absurd to litigate the permissibility of such depositions, risking the possible outcome that the witnesses – busy state law enforcement officials – would have to be deposed twice. Accordingly, if the depositions of the district attorney and staff are to be taken in the state case, the depositions should be expanded to encompass this case as well. Of course, if the depositions are for any reason not taken in the state case, the City remains free to make any appropriate application in connection with the noticed depositions in this case, after the parties have met and conferred in an effort to resolve the issue or to narrow the subject matter of the dispute.

     3. Defendants seek a stay of discovery pending their filing of a motion to dismiss the complaint. That application is denied. Defendants failed to make such a motion in a timely manner in response to the complaint. Instead, they answered the complaint and discovery commenced. Substantial discovery has now taken place, and indeed discovery is scheduled to be completed within approximately two months. It would be the height of inefficiency to interrupt that process to permit the defendants to make arguments they apparently have suddenly discovered, which are addressed to the face of a complaint which they have had for more than a year. Defendants' request that the Court set an "expedited" schedule for briefing such a motion is also denied. At this stage of the litigation, it would be more reasonable to make any such arguments as part of the defendants' anticipated motion for summary judgment at the close of discovery. Of course, the Court cannot and will not preclude defendants from making any motion they are permitted under the Federal Rules of Civil Procedure to make, and if defendants wish to make a belated motion to dismiss they may do so. But the filing of such a motion will not entail either a stay or an expedited briefing schedule. Should such a motion be filed, the Court will grant plaintiff any reasonable requested time to answer, taking into account the importance of permitting plaintiff to focus on completing discovery without the distraction of responding to such a motion.

SO ORDERED.

Dated: New York, New York
       June 19, 2008

                                              GERARD E. LYNCH
                                              United States District Judge